**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REEVES YOUNG, LLC,

Plaintiff,

v. Case No. 8:26-cv-1268-TPB-AEP

DSI SPACEFRAMES, INC., et al.,

Defendants.
_________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART "MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF REEVES YOUNG, LLC'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT"**

This matter is before the Court on the "Motion to Dismiss Counts II and III of Plaintiff Reeves Young, LLC's Amended Complaint, or in the Alternative, Motion for a More Definite Statement," filed by Defendants DSI Spaceframes, Inc. and Joshua Chambers on August 10, 2026. (Doc. 13). Plaintiff Reeves Young, LLC filed a response in opposition on August 31, 2026. (Doc. 14). After reviewing the motion, response, amended complaint, court file, and record, the Court finds as follows.

**Background**

This case arises from a construction dispute involving the renovation of the Mid-Florida Credit Union Amphitheater in Tampa, Florida, a venue that hosts live music and other performing-arts events.[1] On December 11, 2024, Live Nation

[1] As of the time the complaint was filed, multiple performances had been scheduled at the venue, including Pitbull (May 16), Triumph (May 24), Dave Matthews Band (May 26), Kid Rock (May 30), the Black Crowes (May 31), Hank Williams Jr. (June 5), Evanescence (June 12), Hilary Duff (June 23), and Train (July 10).

Worldwide, Inc. entered into a services agreement with Plaintiff to provide certain construction and restoration services for the amphitheater. Live Nation subsequently entered into a design build agreement with Plaintiff to complete this work.

Plaintiff Reeves Young alleges that on March 19, 2025, it entered into a subcontract with Defendant DSI under which DSI agreed, among other things, to design, procure and deliver materials for, construct, and supervise installation of a space-frame roof at the amphitheater. The subcontract price was approximately $14.9 million. According to the amended complaint, DSI repeatedly failed to meet contractual deadlines and ultimately failed to substantially complete its work. Plaintiff further alleges that it paid DSI more than $11.7 million, including amounts attributable to materials for the project, but DSI nevertheless withheld certain steel, space-frame, and roofing materials that Plaintiff had already paid for. Plaintiff alleges that Chambers, DSI's president, personally directed DSI to withhold those materials unless Plaintiff paid an additional $10.9 million that Defendants allegedly knew was not contractually owed. Plaintiff thereafter demanded possession of the materials.

On May 4, 2026, Plaintiff filed its complaint. On July 27, 2026, it filed an amended complaint asserting three claims: breach of contract against DSI (Count I); breach of the implied covenant of good faith and fair dealing against DSI and Chambers (Count II); and conversion against DSI and Chambers (Count III). Defendants move to dismiss Counts II and III and also challenge the Court's exercise of personal jurisdiction over Chambers.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## **Analysis**

### ***Shotgun Pleading***

Defendants argue that Counts II and III constitute shotgun pleading because Plaintiff asserts the claims against DSI and Chambers collectively without

sufficiently distinguishing the conduct attributable to each Defendant. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Although Counts II and III refer collectively to "Defendants," the amended complaint sufficiently identifies the basis for the claims against each. DSI is the corporate entity that entered into and performed under the subcontract, while Chambers is alleged to have personally directed DSI to withhold the materials at issue. The allegations are sufficient to permit each Defendant to determine the conduct upon which Plaintiff seeks to impose liability. The amended complaint

therefore does not constitute an impermissible shotgun pleading, and the motion to dismiss is denied as to this ground.

***Count II – Breach of the Implied Covenant of Good Faith and Fair Dealing***

Defendants move to dismiss Count II for failure to state a claim. Plaintiff concedes that Count II is not viable against Chambers because Chambers is not a party to the subcontract. Count II is therefore dismissed as to Chambers.

As to DSI, Florida law recognizes an implied covenant of good faith and fair dealing in every contract, but the covenant is not an independent contractual term. Rather, it attaches to the performance of an express contractual provision. *See Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151-52 (11th Cir. 2005). Count II alleges that DSI's withholding of materials frustrated the purpose of the subcontract and deprived Plaintiff of the benefit of its bargain. But the claim does not clearly identify the express contractual provision to which the implied covenant attaches or the contractual discretion DSI allegedly exercised in bad faith. Although Plaintiff attempts to more specifically identify that theory in its response, the amended complaint itself must state the claim. Count II is therefore dismissed without prejudice, with leave to amend.

***Count III – Conversion***

Defendants argue that Count III is barred by Florida's independent tort doctrine because the conversion claim merely repackages Plaintiff's breach-of-contract claim. The Court disagrees, at least at this stage of the proceedings.

Plaintiff alleges that it paid for and owned *specifically identified construction materials*, that it was entitled to possession of those materials, and that Defendants

continued to withhold them after demand. Plaintiff further alleges that Defendants withheld the materials to compel payment of an additional $10.9 million that was not owed. These allegations plausibly describe conduct beyond DSI's mere failure to perform its contractual obligations. Whether Plaintiff actually owned the materials, whether and when it became entitled to immediate possession, and whether DSI possessed any continuing contractual right to retain them may depend on the terms of the subcontract and a more developed factual record. Those issues are not appropriately resolved against Plaintiff on the pleadings. The motion to dismiss Count III based on the independent tort doctrine is therefore denied without prejudice.

Defendants separately argue that Chambers cannot be held individually liable because Plaintiff has not alleged facts supporting veil piercing. But Plaintiff does not seek to hold Chambers liable merely because of his position with DSI. It alleges that Chambers personally directed the allegedly tortious withholding of the materials. A corporate officer may be personally liable for a tort in which he personally participates without piercing the corporate veil. *See Adventist Health Sys. Sunbelt Healthcare Corp. v. Weiss*, No. 6:20-cv-877-Orl-40DCI, 2021 WL 1238321, at *7 (M.D. Fla. Feb. 22, 2021) (Byron, J.) ("[T]here is 'substantial authority' for the proposition that corporate officers may be sued for tortious acts in which they are alleged to have 'personally participated.'"). Because Plaintiff alleges that Chambers personally participated in or directed the conduct underlying the conversion claim, Count III is sufficiently pleaded against him. The motion is denied as to this ground.

***Personal Jurisdiction Over Chambers***

Defendants also argue that the Court lacks personal jurisdiction over Chambers because his alleged conduct occurred solely in his capacity as DSI's president. When determining whether to exercise personal jurisdiction over a defendant, courts first consider whether jurisdiction is appropriate under the state's applicable long arm statute. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). If so, the court then evaluates whether the exercise of jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment. *Id.* The plaintiff bears the initial burden of alleging sufficient facts to make out a prima facie case of personal jurisdiction. *Id.* The defendant may then challenge personal jurisdiction by submitting affidavit evidence. *Id.* However, the burden does not shift back to the plaintiff if the defense affidavits contain only conclusory assertions; instead, the affidavits must contain specific factual declarations. *Id.* at 1351.

Florida's corporate-shield doctrine generally protects a corporate officer from being subjected to personal jurisdiction based solely on acts performed for the corporation. But the doctrine does not apply when the officer is alleged to have personally committed an intentional tort. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

As explained above, Plaintiff has sufficiently alleged at this stage that Chambers personally participated in the alleged conversion, an intentional tort. Defendants have not submitted any affidavits contradicting those jurisdictional allegations. Accepting Plaintiff's uncontroverted allegations as true, Plaintiff has

made a prima facie showing of personal jurisdiction over Chambers, and the corporate-shield doctrine does not warrant dismissal. The motion is denied as to this ground.

***Treble Damages Under § 772.11, F.S.***

Finally, Defendants challenge Plaintiff's request for treble damages under § 772.11, *F.S.*, which provides a civil remedy for violations of specified provisions of Florida's criminal theft statutes. The amended complaint, however, asserts a claim for conversion and does not separately plead a claim for civil theft. If Plaintiff intends to pursue relief under § 772.11, it must clearly plead a statutory civil theft claim and the factual basis supporting that claim. The request for treble damages under § 772.11 is therefore dismissed without prejudice, with leave to amend.[2]

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

1. "Defendants DSI Spaceframes, Inc. and Joshua Chambers' Motion to Dismiss Counts II and III of Plaintiff Reeves Young, LLC's Amended Complaint, or in the Alternative, Motion for a More Definite Statement" (Doc. 13) is **GRANTED IN PART** and **DENIED IN PART**.
2. The motion is granted to the extent that Count II is **DISMISSED WITHOUT PREJUDICE** as to Defendant DSI Spaceframes, Inc. Count II

[2] Plaintiff is encouraged to carefully review the applicable statute and case law before attempting to bring a claim for civil theft. Well-settled Florida law holds that a breach of contract without more does not constitute civil theft. *See, e.g.*, *Rosen v. Marlin*, 486 So. 2d 623, 625-26 (Fla. 3d DCA 1986); *see also Advanced Surgical Technologies, Inc. v. Automated Industries, Inc.*, 777 F.2d 1504, 1507 (11th Cir. 1985); *Epoch International Partners, LLP v. Bigfoot Inc.*, 587 F. Supp. 3d 1214, 1221 (S.D. Fla. 2022).

is **DISMISSED** as to Defendant Joshua Chambers based on Plaintiff's concession that Chambers is not a party to the subcontract.

3. The motion is further granted to the extent that Plaintiff's request for treble damages is **DISMISSED WITHOUT PREJUDICE**.
4. The motion is otherwise **DENIED**.
5. Plaintiff is directed to file a second amended complaint on or before October 9, 2026. Even if Plaintiff does not intend to replead any dismissed claims or requests for relief, Plaintiff shall file an amended complaint omitting the dismissed claims and requests and identifying the claims and requests that remain so that there is a single operative pleading. Failure to timely file the second amended complaint will result in this Order becoming a final judgment.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 25th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE