**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REEVES YOUNG, LLC,

Plaintiff,

v. Case No. 8:26-cv-1268-TPB-AEP

DSI SPACEFRAMES, INC., et al.,

Defendants.
_________________________________/

**ORDER GRANTING "DEFENDANTS DSI SPACEFRAMES, INC. AND JOSHUA CHAMBERS' MOTION TO DISMISS COUNT IV OF PLAINTIFF REEVES YOUNG, LLC'S SECOND AMENDED COMPLAINT"**

This matter is before the Court on the "Defendants DSI Spaceframes, Inc. and Joshua Chambers' Motion to Dismiss Count IV of Plaintiff Reeves Young, LLC's Second Amended Complaint," filed by Defendants DSI Spaceframes, Inc. and Joshua Chambers on October 22, 2026. (Doc. 17). Plaintiff Reeves Young, LLC filed a response in opposition on November 10, 2026. (Doc. 19). After reviewing the motion, response, second amended complaint, court file, and record, the Court finds as follows.

**Background**

This case arises from a construction dispute involving the renovation of the Mid-Florida Credit Union Amphitheater in Tampa, Florida, a venue that hosts live music and other performing-arts events.[1] On December 11, 2024, Live Nation

[1] As of the time the complaint was filed, multiple performances had been scheduled at the venue, including Pitbull (May 16, 2026), Triumph (May 24, 2026), Dave Matthews Band (May 26, 2026), Kid Rock (May 30, 2026), the Black Crowes (May 31, 2026), Hank Williams Jr. (June 5, 2026), Evanescence (June 12, 2026), Hilary Duff (June 23, 2026), and Train (July 10, 2026).

Worldwide, Inc. entered into a services agreement with Plaintiff to provide certain construction and restoration services for the amphitheater. Live Nation subsequently entered into a design build agreement with Plaintiff to complete this work.

Plaintiff Reeves Young alleges that on March 19, 2025, it entered into a subcontract with Defendant DSI under which DSI agreed, among other things, to design, procure and deliver materials for, construct, and supervise installation of a space-frame roof at the amphitheater. The subcontract price was approximately $14.9 million. According to the second amended complaint, DSI repeatedly failed to meet contractual deadlines and ultimately failed to substantially complete its work. Plaintiff further alleges that it paid DSI more than $11.7 million, including amounts attributable to materials for the project, but DSI nevertheless withheld certain steel, space-frame, and roofing materials for which Plaintiff had already paid. Plaintiff alleges that Chambers, DSI's president, personally directed DSI to withhold those materials unless Plaintiff paid an additional $10.9 million that Defendants allegedly knew was not contractually owed. Plaintiff thereafter demanded possession of the materials.

On May 4, 2026, Plaintiff filed its complaint. On July 27, 2026, it filed an amended complaint asserting three claims: breach of contract against DSI (Count I); breach of the implied covenant of good faith and fair dealing against DSI and Chambers (Count II); and conversion against DSI and Chambers (Count III). On August 10, 2026, Defendants filed a motion to dismiss Counts II and III of the amended complaint. (Doc. 13). The Court granted the motion to the extent that it dismissed Count II without prejudice and granted leave to amend. (Doc. 15). The

Court also dismissed Plaintiff's request for treble damages. The motion was otherwise denied.

On October 8, 2026, Plaintiff filed a second amended complaint. (Doc. 16). Defendants have moved to dismiss Count IV of the second amended complaint, which asserts a civil theft claim. (Doc. 17).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In Count IV, Plaintiff attempts to assert a civil theft claim. The Court previously cautioned Plaintiff that a breach of contract without more does not constitute civil theft. (Doc. 15 at 8 n.2); *see, e.g.*, *Rosen v. Marlin*, 486 So. 2d 623, 625-26 (Fla. 3d DCA 1986); *see also Advanced Surgical Technologies, Inc. v. Automated Indus., Inc.*, 777 F.2d 1504, 1507 (11th Cir. 1985); *Epoch Int'l Partners, LLP v. Bigfoot Inc.*, 587 F. Supp. 3d 1214, 1221 (S.D. Fla. 2022).

Under Florida law, a civil theft claim requires that a defendant knowingly obtain or use another's property with felonious intent to deprive the owner of a right to or benefit from the property or to appropriate the property to an unauthorized use. *See* §§ 772.11(1), 812.014(1), *F.S.* Civil theft requires more than conversion; it is essentially conversion plus criminal intent. *Gokalp v. Unsal*, 284 So. 3d 1097, 1099 (Fla. 4th DCA 2019) (citing *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008)). While intent may be alleged generally under Federal Rule of Civil Procedure 9(b), such allegations must still satisfy the plausibility requirements of Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (explaining that "malice and other degrees of intent are subject to the plausibility pleading standard" under *Iqbal*).

The second amended complaint fails to allege sufficient facts to plausibly establish the requisite felonious intent. Plaintiff alleges that DSI accepted payment for certain materials, failed to deliver those materials, demanded additional compensation, experienced financial difficulties, and continued withholding the materials after Plaintiff demanded their return. Plaintiff further alleges that

Defendants knew the additional compensation was not owed. However, the factual allegations supporting that assertion concern disagreements over the parties' respective contractual obligations, including responsibility for design changes, project delays, and additional costs. The Court previously concluded that Plaintiff adequately pleaded conversion based on Defendants' alleged withholding of materials. But the additional allegations in Count IV do not plausibly establish the felonious intent necessary to transform that alleged conversion into statutory civil theft.

Plaintiff's allegation that Defendants knew the additional compensation was not owed does not alter this conclusion. Although knowledge and intent may be alleged generally, a conclusory assertion concerning Defendants' state of mind does not, standing alone, establish a plausible claim for civil theft. To hold otherwise would permit any ordinary contractual dispute to be transformed into a civil theft claim merely by alleging that a defendant knowingly failed to perform its contractual obligations. Such a result would be inconsistent with Florida law's distinction between breach of contract and civil theft.

Plaintiff's reliance on *Batista v. Rodriguez*, 388 So. 3d 1098 (Fla. 3d DCA 2024), is unpersuasive. In *Batista*, the court addressed allegations that the defendants obtained an incapacitated individual's money through forgery or undue influence. *Id.* at 1101-02. This case, by contrast, concerns the withholding of construction materials in connection with a disputed demand for additional contractual compensation – a rather typical construction dispute. In any event, *Batista* does not relieve Plaintiff of its obligation to satisfy the federal pleading standards, which require sufficient factual

allegations to state a plausible claim for relief. *See Ashcroft*, 556 U.S. at 686-87. Plaintiff's allegations, considered as a whole, do not satisfy that requirement.

Dismissal with prejudice is warranted. In its prior Order, the Court dismissed Plaintiff's request for treble damages because Plaintiff had not asserted a separate statutory civil theft claim. In granting leave to amend, the Court expressly cautioned Plaintiff that a breach of contract without more does not constitute civil theft. Despite this specific caution and the opportunity to amend, Plaintiff has failed to allege sufficient facts to state a plausible civil theft claim. The Court therefore declines to permit further amendment. Count IV is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

1. "Defendants DSI Spaceframes, Inc. and Joshua Chambers' Motion to Dismiss Count IV of Plaintiff Reeves Young, LLC's Second Amended Complaint" (Doc. 17) is **GRANTED**.
2. Count IV is **DISMISSED WITH PREJUDICE**.
3. Defendants are directed to file an answer to the second amended complaint on or before December 4, 2026.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of November, 2026.



TOM BARBER
UNITED STATES DISTRICT JUDGE